## MISSOURI, K. & T. R. CO. v. CITY of TULSA.

No. 21406. Opinion Filed May 3, 1932.

M. D. Green, John E. M. Taylor, and Erick Haase, for plaintiff in error.

M. C. Spradling, Eben L. Taylor, and Eldon J. Dick, Co. Atty. for defendant in error.

PER CURIAM. This case presents an appeal by the plaintiff in error from the order and judgment of the district court of Tulsa county, sustaining the demurrer of the defendant in error, defendant below, to plaintiff's petition for injunction, and upon the plaintiff declining to plead further and electing to stand upon its petition, a further order of the court dismissing plaintiff's petition. The petition was duly sworn to and filed in the trial court on the 8th day of April, 1930, at which time all parties appeared by their counsel, and the court granted a temporary restraining order, setting the matter for final hearing on April 28, 1930; defendants filed general demurrer to plaintiff's petition, and on April 28, 1930, the trial court entered its order sustaining the demurrer to plaintiff's petition and dissolving the restraining order and plaintiff

declined to plead further and elected to stand on its petition; thereupon, the court entered its order and judgment, dismissing plaintiff's petition and suit at plaintiff's costs.

Petition in error with case-made attached was filed in this court on June 3, 1930, and on June 12, 1930, plaintiff in error, in compliance with the rules and order of this court, filed brief, but the defendant in error, although granted various extensions of time, has failed to file answer brief or any other pleading or instrument in this cause on appeal, neither has the defendant in error offered any excuse for its failure to do so. This court has uniformly followed the rule laid down in City National Bank v. Coatney, 122 Okla. 233, 253 P. 481, as follows:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions in accordance with the prayer of the petition in error."

Plaintiff in error prays that the judgment and order sustaining the demurrer of defendant in error to its petition for injunction and dismissing its cause of action, and refusing to grant the injunction prayed for, be reversed and an order entered directing the lower court to set aside its former order and enter an order and judgment granting a permanent injunction, as prayed for. We have examined the pleadings as set forth in the brief of plaintiff in error, and the authorities cited therein reasonably support the assignments of error, and, under the oft-repeated holding of this court, plaintiff in error is entitled to have this cause reversed, with directions to the trial court to set aside the order and judgment appealed from, and to enter its order reinstating plaintiff's cause of action, and further order and judgment granting the injunction. as prayed for in plaintiff's petition: and it is so ordered.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 3660.